UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES RICE,

    Plaintiff,

v.

ICICLE SEAFOODS, INC.,

    Defendant.

Case No. C08-0116RSL

ORDER GRANTING
MOTION TO DISMISS

This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint with prejudice for failure to prosecute, as a sanction for plaintiff's failure to participate in discovery, and/or based on lack of merit. Plaintiff, who is proceeding *pro se*, claims that defendant, his former employer, discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII").

Although plaintiff participated in preparing the joint status report in this case, he has not participated in discovery in any other way. He has never provided his initial disclosures, which were due on March 21, 2008. Plaintiff has not provided responses to

ORDER GRANTING
MOTION TO DISMISS - 1

defendant's written discovery requests, including (1) defendant's first set of interrogatories and requests for production, served on May 27, 2008, and (2) defendant's requests for admissions served on July 16, 2008. Nor has plaintiff provided any explanation for his failure to respond to those discovery requests. Defense counsel attempted to discuss plaintiff's failure to participate in discovery, but plaintiff refused to participate in a telephone conference with defense counsel.

By order dated October 27, 2008, the Court found that plaintiff had willfully refused to comply with his discovery obligations and had refused to confer with defendant in violation of Local Rule 37(a)(2)(A). Dkt. #15 (the "Order"). The Order reminded plaintiff that he must meet his discovery obligations and if he failed to do so again, the Court could impose sanctions on him pursuant to Local Rule 37, Federal Rule of Civil Procedure 37, and General Local Rule 3. The Order further warned plaintiff,

> If he does not fully respond to the requests for admission, the matters contained in those requests will be deemed to have been admitted by plaintiff as set forth in Federal Rule of Civil Procedure 36(a)(3). Furthermore, plaintiff is hereby expressly warned that if he fails to provide his initial disclosures and to respond to defendant's discovery requests by November 14, 2008, defendant may move the Court to dismiss the case, and the Court may dismiss the case on the merits and/or pursuant to Federal Rule of Civil Procedure 37(b)(2).

Order at p. 3.

Despite the clear warning in the Order, plaintiff has not provided his initial disclosures or responded to defendant's discovery requests. Nor has he provided any explanation for his continuing failure to comply with his discovery obligations and the Court's order.

In light of these facts, the Court must evaluate whether plaintiff has failed to

ORDER GRANTING
MOTION TO DISMISS - 2

prosecute his case pursuant to Fed. R. Civ. P. 41(b) and whether dismissal is warranted as a sanction pursuant to Fed. R. Civ. P. 37. Plaintiff has not been diligent about litigating this case. Furthermore, the Court must manage its docket, and cannot allow cases to languish for approximately a year while plaintiff repeatedly disregards his discovery obligations and a clear Order of the Court. The public also has an interest in expeditious resolution of cases to avoid the needless expenditure of public funds and resources. Plaintiff filed this case, and bears responsibility for prosecuting it. Since participating in filing the joint status report in March 2008, plaintiff has shown no intent to litigate this case. Defendant has suffered prejudice because of its inability to obtain basic discovery regarding plaintiff's claims. Although plaintiff is proceeding pro se, he is required to comply with the rules and orders of the Court. See, e.g., Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

The Court has considered other sanctions, but found that they would not be effective. For example, a monetary sanction would not cure the prejudice to defendant. In addition, plaintiff has shown that he has no regard for an Order of the Court; he failed to comply despite the clear warnings in the Order. Nor does it appear that an evidentiary sanction would cure plaintiff's recalcitrance or apparent apathy towards this case. Moreover, an evidentiary sanction is unnecessary. As the Order warned, the Court considers the matters contained in the requests for admissions as admitted by plaintiff as set forth in Federal Rule of Civil Procedure 36(a)(3). Once those matters are admitted, plaintiff's case is fatally undermined. See Declaration of Kara Heikkila, (Dkt. #12) ("Heikkila Decl."), Ex. C (request for admission stating, "Please admit that no one at

ORDER GRANTING
MOTION TO DISMISS - 3

Icicle Seafoods, Inc. discriminated against you on the basis of your race"). For all of these reasons, the Court dismisses plaintiff's claims based on his failure to prosecute his case and as a sanction for his refusal to comply with this Court's Order and respond to defendant's discovery requests.

Although public policy supports consideration of a case on the merits, doing so in this case leads to the same result. Defendant moved to dismiss this case on the merits, and plaintiff did not respond to the motion. Pursuant to Local Rule 7(b)(2), the Court construes the failure to respond as an admission that the motion has merit. Defendant has filed evidence showing that it discharged plaintiff because he violated defendant's anti-harassment policy. Heikkila Decl., Ex. A. Plaintiff has not filed any evidence in support of his claim. As set forth above, the Court deems admitted defendant's request for admission that defendant did not discriminate against plaintiff. Accordingly, dismissal on the merits is warranted.

For all of the foregoing reasons, defendant's motion to dismiss (Dkt. #16) is GRANTED. This case is dismissed with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff.

Pursuant to Fed. R. Civ. P. 37, defendant seeks an awards of its costs and fees incurred in bringing this motion. Federal Rule of Civil Procedure 37(b)(2)(C) states that if a party fails to comply with a discovery order of the court, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." There is no evidence that plaintiff's failure was substantially

justified, or that an award would be unjust. Therefore, the Court awards defendant its reasonable attorney's fees and costs incurred in filing this motion. However, the declaration submitted by counsel is insufficient to establish the amount of attorney's fees and costs incurred. Counsel's declaration states that her office "billed approximately $874.00 in fees and costs." Second Declaration of Kara Heikkila, (Dkt. #17). The Court will not award fees and costs based on an approximation. Nor does the declaration indicate the amount of costs incurred, the basis for the costs, the number of hours expended on this matter, or the specific tasks performed. Without that information, the Court cannot evaluate the reasonableness of the amount requested. Defendant may file a supplemental declaration supporting its request for an award of fees and costs within ten days of the date of this order.

DATED this 17th day of December, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 5